United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CHARLES RIEL,

        Plaintiff,

    v.

WARDEN RON DAVIS, et al.,

        Defendants.

No. C 15-3350 NC (PR)

**ORDER OF DISMISSAL WITH LEAVE TO AMEND**

Plaintiff Charles Riel, a California state prisoner proceeding *pro se*, filed a civil rights action under 42 U.S.C. § 1983.[1] Plaintiff is granted leave to proceed *in forma pauperis* in a separate order. For the reasons stated below, the complaint is dismissed with leave to amend.

## DISCUSSION

**I.    Standard of Review**

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). *Pro se* pleadings must be liberally construed. *See Balistreri v.*

---

[1] Plaintiff has consented to magistrate judge jurisdiction. (Docket No. 6 at 4.)

1 *Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Liability may be imposed on an individual defendant under § 1983 if the plaintiff can show that the defendant proximately caused the deprivation of a federally protected right. *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988).

## II. Legal Claim

As the complaint currently reads, Plaintiff does not state a claim for relief. It is not at all clear about what Plaintiff is complaining. He states that he was in fear for his life, and faked an attempted suicide in order to be released from the "block."

To state a claim for relief, however, a complaint "must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). In addition, the facts alleged "must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Id.* Because district courts must afford *pro se* prisoner litigants an opportunity to amend to

2

correct any deficiency in their complaints, this claim will be dismissed with leave to amend. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc).

Plaintiff has not alleged that individual defendants are liable for any constitutional violation. Liability may be imposed on an individual defendant under 42 U.S.C. § 1983 if the plaintiff can show that the defendant's actions both actually and proximately caused the deprivation of a federally protected right. *Lemire v. Cal. Dept. of Corrections & Rehabilitation*, 726 F.3d 1062, 1085 (9th Cir. 2013). Although the federal rules require brevity in pleading, a complaint must be sufficient to give the defendants "fair notice" of the claim and the "grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). Either personal involvement or integral participation of the officers in the alleged constitutional violation is required before liability may be imposed; liability may not be imposed based solely on an officer's presence during an incident. *See Hopkins v. Bonvicino*, 573 F.3d 752, 769-70 (9th Cir. 2009). Here, although Plaintiff names individual defendants in the body of his complaint, Plaintiff does not link these defendants to an allegation that they caused the deprivation of a federally protected right.

Third, even liberally construed, Plaintiff does not allege a federal question. To state a claim arising under federal law, it must be clear from the face of the complaint that there is a federal question. *See Easton v. Crossland Mortgage Corp.*, 114 F.3d 979, 982 (9th Cir. 1997). Here, however, Plaintiff does not allege that a federally protected right was violated.

Finally, Plaintiff is cautioned that he must have exhausted his administrative remedies before filing suit in federal court. The Prison Litigation Reform Act of 1995 amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is mandatory and no longer left to the discretion of the district court. *Woodford v. Ngo*, 548 U.S. 81, 84 (2006) (citing *Booth v. Churner*, 532 U.S. 731, 739 (2001)). An action must be dismissed unless the prisoner exhausted his available administrative remedies before he or she filed suit, even if the

prisoner fully exhausts while the suit is pending. *McKinney v. Carey*, 311 F.3d 1198, 1199 (9th Cir. 2002). From the face of the complaint, it does not appear that Plaintiff has exhausted his administrative remedies.

As the complaint currently reads, Plaintiff has not stated a cognizable claim against Defendants. However, district courts must afford pro se prisoner litigants an opportunity to amend to correct any deficiency in their complaints. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc). If Plaintiff believes that he can cure the deficiencies addressed above, he may amend his complaint to do so.

## CONCLUSION

1. The complaint is DISMISSED with leave to amend. If Plaintiff believes he can cure the above-mentioned deficiencies in good faith, he must file an amended complaint within **twenty-eight days** from the date this order is filed. The amended complaint must include the caption and civil case number used in this order (C 15-3350 NC (PR)) and the words AMENDED COMPLAINT on the first page. **Failure to file an amended complaint within twenty-eight days and in accordance with this order may result in the dismissal of this case.** The Clerk of the Court is directed to send Plaintiff a blank civil rights form along with his copy of this order.

2. Plaintiff is advised that an amended complaint supersedes the original complaint. "[A] plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint." *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981).

3. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address by filing a separate paper with the Clerk headed "Notice of Change of Address," and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED: October 30, 2015

_____
NATHANAEL M. COUSINS
United States Magistrate Judge