UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CHARLES RIEL,

        Plaintiff,

    v.

UNKNOWN, et al.,

        Defendants.

No. C 15-3350 NC (PR)

**ORDER OF DISMISSAL WITH LEAVE TO AMEND; INSTRUCTIONS TO CLERK**

Plaintiff Charles Riel, a California state prisoner proceeding *pro se*, filed an amended civil rights action under 42 U.S.C. § 1983. For the reasons stated below, the amended complaint is dismissed with leave to amend.

## DISCUSSION

**I.    Standard of Review**

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). *Pro se* pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of

the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Liability may be imposed on an individual defendant under § 1983 if the plaintiff can show that the defendant proximately caused the deprivation of a federally protected right. *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988).

## II.     Legal Claim

Plaintiff's original complaint was dismissed with leave to amend because the Court could not determine what Plaintiff's claims were. Plaintiff stated that he was in fear for his life, and faked an attempted suicide in order to be released from the "block." The Court warned Plaintiff that, in order to state a claim for relief, however, a complaint "must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). Also, Plaintiff had not alleged that individual defendants are liable for any constitutional violation. The Court warned Plaintiff that he needed to provide facts that could lead to a reasonable inference that defendants' actions both actually and proximately caused the deprivation of a federally protected right. *See Lemire v. Cal. Dept. of Corrections & Rehabilitation*, 726 F.3d 1062, 1085 (9th Cir. 2013). The Court dismissed the original complaint with leave to

amend.

Plaintiffs amended complaint fails to clarify matters. Plaintiff again fails to state a federal claim for relief. It appears that Plaintiff was accused of stealing. Plaintiff convinced another inmate to complain about one of the correctional officers. Ultimately, Plaintiff was "shunned" by everyone, and Plaintiff feared for his life. Plaintiff tried to write to the Warden for assistance. Plaintiff believes that he is being set up, and that everyone knew that Plaintiff was trying to get some of the correctional officers fired. Plaintiff claims that he lives in fear for his life each day.

Unfortunately, Plaintiff has failed to state a claim under 42 U.S.C. § 1983. As stated above, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. *See West*, 487 U.S. at 48. Liability may be imposed on an individual defendant under § 1983 if the plaintiff can show that the defendant proximately caused the deprivation of a federally protected right. *Leer*, 844 F.2d at 634.

Plaintiff will be given one last opportunity to file an amended complaint. Plaintiff must name each individual Defendant, and briefly describe what each Defendant did or did not do that violated a federal constitutional right. As the complaint currently reads, Plaintiff has not stated a cognizable claim against Defendants. If Plaintiff believes that he can cure the deficiencies addressed above, he shall have one final opportunity to do so.

## CONCLUSION

1. The amended complaint is DISMISSED with leave to amend. If Plaintiff believes he can cure the above-mentioned deficiencies in good faith, he must file a second amended complaint within **twenty-eight days** from the date this order is filed. The second amended complaint must include the caption and civil case number used in this order (C 15-3350 NC (PR)) and the words SECOND AMENDED COMPLAINT on the first page. **Failure to file a second amended complaint within twenty-eight days and in accordance with this order may result in the dismissal of this case.**

2. Plaintiff is advised that an amended complaint supersedes the original

3

complaint. "[A] plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint." *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981).

3. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address by filing a separate paper with the Clerk headed "Notice of Change of Address," and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

4. **The Clerk of the Court is directed to send Plaintiff a blank civil rights form along with his copy of this order.**

IT IS SO ORDERED.

DATED: January 26, 2016

NATHANAEL M. COUSINS
United States Magistrate Judge

4