UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES RIEL,<br><br>        Plaintiff,<br><br>    v.<br><br>SGT. RODRIGUEZ, et al.,<br><br>        Defendants. | No. C 15-3350 NC (PR)<br><br>**ORDER OF SERVICE; DIRECTING DEFENDANTS TO FILE DISPOSITIVE MOTION OR NOTICE REGARDING SUCH MOTION** |

    Plaintiff Charles Riel, a California state prisoner proceeding *pro se*, filed a second amended civil rights action under 42 U.S.C. § 1983. For the reasons stated below, the court directs Defendants to file a dispositive motion or notice regarding such motion regarding Plaintiff's claim.

## DISCUSSION

**I.    Standard of Review**

    A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). *Pro se* pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Liability may be imposed on an individual defendant under § 1983 if the plaintiff can show that the defendant proximately caused the deprivation of a federally protected right. *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988).

**II. Legal Claim**

Plaintiff's original and amended complaints were dismissed with leave to amend because the Court could not determine what Plaintiff's claims were. In Plaintiff's second amended complaint, he alleges that he attempted to commit suicide by hanging himself. While he was hanging, Officer Richardson was telling the other officers what he was seeing Plaintiff do, but not assisting Plaintiff or calling for help. Sergeant Rodriguez ordered "yard" to be cancelled, and stated that it should only take 15 minutes for Plaintiff to pass away. Officer Richardson and Sergeant Rodriguez then had a conversation about watching Plaintiff hanging himself. Sergeant Rod ordered Officer Harris not to press his alarm and to let Plaintiff die. Sergeant Rod and Officer Harris had watched Plaintiff wrapping the noose around his neck, but did nothing to prevent him from hanging himself.

Liberally construed, Plaintiff appears to state a cognizable claim for relief that Defendants were deliberately indifferent to his safety.

**CONCLUSION**

1. The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the second amended complaint (docket no. 14) and all attachments thereto, a magistrate judge consent form, and a copy of this order to **Officer Richardson, Sergeant Rodriguez, Sergeant Rod, and Officer Harris,** all of whom were **East Block Officers, Second Watch** on **April 5, 2015,** at **San Quentin State Prison**. The Clerk of the court shall also mail a courtesy copy of the complaint and a copy of this order to the California Attorney General's Office. Additionally, the Clerk shall mail a copy of this order to Plaintiff.

2. Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure requires them to cooperate in saving unnecessary costs of service of the summons and complaint. Pursuant to Rule 4, if Defendants, after being notified of this action and asked by the court, on behalf of Plaintiff, to waive service of the summons, fail to do so, they will be required to bear the cost of such service unless good cause be shown for their failure to sign and return the waiver form. If service is waived, this action will proceed as if Defendants had been served on the date that the waiver is filed, and Defendants will not be required to serve and file an answer before **sixty (60) days** from the date on which the request for waiver was sent. Defendants are asked to read the statement set forth at the bottom of the waiver form that more completely describes the duties of the parties with regard to waiver of service of the summons. If service is waived after the date provided in the Notice but before Defendants have been personally served, the Answer shall be due **sixty (60) days** from the date on which the request for waiver was sent or **twenty (20) days** from the date the waiver form is filed, whichever is later.

3. No later than **sixty (60) days** from the date the waivers are sent from the court, Defendants shall file a motion for summary judgment or other dispositive motion with respect to the cognizable claims in the complaint. **At that time, Defendants shall also file the magistrate judge consent form.**

Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure. **Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute. If Defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the court prior to the date the summary judgment motion is due.**

4. Plaintiff's opposition to the dispositive motion shall be filed with the court and served on Defendants no later than **twenty-eight (28) days** from the date Defendants' motion is filed. Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) (holding party opposing summary judgment

1 must come forward with evidence showing triable issues of material fact on every essential
2 element of his claim).

3      5.      Defendants <u>shall</u> file a reply brief no later than **fourteen (14) days** after
4 Plaintiff's opposition is filed.

5      6.      The motion shall be deemed submitted as of the date the reply brief is due. No
6 hearing will be held on the motion unless the court so orders at a later date.

7      7.      All communications by the Plaintiff with the court must be served on
8 Defendants or Defendants' counsel, by mailing a true copy of the document to Defendants or
9 Defendants' counsel.

10      8.      Discovery may be taken in accordance with the Federal Rules of Civil
11 Procedure. No further court order is required before the parties may conduct discovery.

12      9.      It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the
13 court and all parties informed of any change of address and must comply with the court's
14 orders in a timely fashion. Failure to do so may result in the dismissal of this action for
15 failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED:    March 30, 2016

NATHANAEL M. COUSINS
United States Magistrate Judge

4